27805.   CHILDRESS *v.* TRIPPE.

DECIDED NOVEMBER 25, 1939.

*E. L. Smith,* for plaintiff.   *S. B. Lippitt,* for defendant.

STEPHENS, P. J.   Hettie Childress, by next friend, brought suit
in the city court of Albany, against J. R. Trippe and Cecil Trippe,
alleging that she had obtained a judgment in the State of Ken-
tucky against the defendants for $2000 with interest at 6% from
date; that the defendants reside in Dougherty County, Georgia;
that the judgment, an exemplified copy of which was attached to
the petition, had not been paid, and that the plaintiff was entitled
to obtain a judgment thereon in the county and State of the
residence of the defendants.  The petition was amended by alleging
service on the defendants by virtue of a statute of the State of

Kentucky, and that the defendants employed certain counsel who "filed answers for and represented said defendants in the said proceeding wherein judgment was obtained." The petition was further amended by attaching thereto a copy of the answers of both defendants in the Kentucky case, the answer of Cecil Trippe being signed "Cecil Trippe by C. L. Jones and A. B. Crow, attorneys for defendant." The defendant Cecil Trippe filed an answer stating that the judgment sued on was rendered without the court rendering the same having any jurisdiction whatsoever of his person; that he received through the United States mail some sort of letter from the Secretary of State of Kentucky, but he had never been served with any process or paper while in the State of Kentucky; that he did not appear in said case, did not employ counsel for himself in said case and was not present at the trial, either in person, or by attorney. In his answer as amended Cecil Trippe denied all the allegations of the plaintiff's petition except the one which alleged his residence in Dougherty County. The jury found a verdict in favor of the plaintiff against J. R. Trippe, and in favor of the defendant Cecil Trippe. A motion for new trial was filed by the plaintiff on the general grounds and several special grounds. The motion was overruled, which judgment was excepted to by the plaintiff.

■ In the amended motion it is complained that the court charged the jury that the plaintiff contended that the Kentucky court had jurisdiction of the case, and that it was a court of competent jurisdiction to try it, and "If you believe it was a court of competent jurisdiction and that they subjected themselves to that jurisdiction by appearing and pleading, regardless of any service of process, that would be binding upon these defendants and they must abide the consequence of the trial in this case." It was error for the court to submit to the jury the legal question whether the Kentucky court had jurisdiction of the subject-matter of the suit. There was no such issue between the parties. The only issue was as to jurisdiction of the person of the defendant.

■ The motion for new trial complains of several instructions which may be considered together. These instructions follow: "If you believe by a preponderance of the evidence in this case that this defendant has never been served by the Secretary of State of Kentucky with a legal process or due notice of the

pendency of that suit then, of course, you would not be authorized to find a verdict against him here in this court;" and "If you find by a preponderance of evidence in this case that these defendants actually appeared in court and subjected themselves to the jurisdiction of this court, and employed counsel to represent them, of course, they would be estopped from denying a want of service of the legal process in this case, having subjected themselves to the jurisdiction of that court. Whether that be true or not true is one of the issues for the determination of this jury, and must be decided by you in passing upon the facts in this case;" and, "Now Cecil Trippe contends that no verdict based upon these foreign judgments should be brought in against him for the reason that he was not served, that he did not have his day in court, and that he has never appeared in court. If you believe that, if you find by a preponderance of the evidence that that is correct—that his contention is correct—then you would have no authority or right to bring in a verdict against Cecil Trippe."

The evidence in the case showed that certain practicing attorneys, purporting to act for Cecil Trippe, pleaded to the merits in the Kentucky case. The plaintiff contended that these attorneys did in fact represent the defendant, and that by appearing and pleading had given the Kentucky court jurisdiction of his person. Taking all the instructions of the court together they were misleading and prejudicial in that the jury might have understood that in order for the court to acquire jurisdiction of the person it was necessary that he should personally appear in court in addition to the employment of counsel. Under the pleadings and evidence in the case the court should have made it clear that the Kentucky court would acquire jurisdiction of the defendant if he appeared either in person or by attorney.

The court below instructed the jury that the special mode of service provided by the Kentucky statute was legal, and also instructed them that under the Kentucky law the entering up of a judgment against Cecil Trippe upon a verdict against J. R. Trippe was legal. These instructions, which are not excepted to by a cross-bill of exceptions, can not be considered.

The court erred in not granting a new trial.

*Judgment reversed. Sutton J., concurs.*

FELTON, J., concurs in the judgment.